## RECORD NO. 15-4088

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN LANIER BRITT,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

---

### OPENING BRIEF OF APPELLANT
### JOHN LANIER BRITT

---

CALLISON TIGHE & ROBINSON, LLC

Louis H. Lang, Esq.
Fed. I.D. No. 240
Post Office Box 1390
Columbia, SC 29202-1390
(803) 404-6900 Telephone
louislang@callisontighe.com

*Counsel for Appellant*                                    April 21, 2015

**LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477**
**A Division of Lantagne Duplicating Services**

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF CONTENTS.................................................................................i

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES ...................... iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

ISSUES PRESENTED FOR REVIEW ..................................................................1

STATEMENT OF THE CASE...............................................................................1

SUMMARY OF ARGUMENTS ............................................................................3

ARGUMENT .........................................................................................................4

I.

The district court did not err in sentencing Appellant, John Lanier Britt (Britt), to 100 months imprisonment because this within-guidelines sentence was procedurally correct and substantively reasonable .......................................................................................................4

II.

The district court did not err in denying Britt's motion for a downward departure and/or a variance from his calculated advisory guideline imprisonment range because the district court correctly calculated Britt's advisory guidelines, the sentence the district court pronounced was substantively reasonable and the district court adequately considered the 18 U.S.C. § 3553(a) factors and placed its reasons for Britt's sentence on the record .......................................................................5

i

CONCLUSION .......................................................................................10

CERTIFICATE OF SERVICE ............................................................12

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

A.    CASES.                                                PAGE

*Anders v. California,*
386 U.S. 738 (1967)................................................................10

*United States v. Boulware,*
604 F.3d 832 (4th Cir. 2010).................................................4

*United States v. Brown,*
520 F.3d 367 (4th Cir. 2008).................................................9

*United States v. Mendoza-Mendoza,*
597 F.3d 212 (4th Cir. 2010).................................................4

*United States v. Montes-Pineda,*
445 F.3d 375 (4th Cir. 2006).................................................4

B.    STATUTORY CITATIONS AND OTHER AUTHORITY.

18 U.S.C. §851.................................................................1, 2

18 U.S.C. §3553(a) ........................................................1, 3, 4, 5

18 U.S.C. §3742.................................................................1

21 U.S.C. §841(a)(1)...........................................................1

21 U.S.C. §846.................................................................1

28 U.S.C. §1291.................................................................1

USSG §5H1.4.................................................................2, 5

Dana Goldstein, *Too Old to Commit Crime?*
N.Y. Times, March 22, 2015
www.nytimes.com/2015/03/22/sunday/too-old-to-commit-crime. ..........................7

*Measuring Recidivism: The Criminal History Computation of the Federal
Sentencing Guidelines, United States Sentencing Commission,* May 2004 ......7, 8, 9

iv

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This case arises from John Lanier Britt's (Britt) conviction on his guilty plea, and sentence. This Court has subject matter jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## ISSUES PRESENTED FOR REVIEW

Did the district court err in sentencing Britt to 100 months imprisonment when this within-guidelines sentence was procedurally correct and substantively reasonable?

Did the district court err in denying Britt's motion for a downward departure and/or a variance from his calculated advisory guideline imprisonment range when the district court correctly calculated Britt's advisory guidelines, the sentence the district court pronounced was substantively reasonable and the district court adequately considered the 18 U.S.C. § 3553(a) factors and placed its reasons for Britt's sentence on the record?

## STATEMENT OF THE CASE

Britt was charged in a three count indictment with conspiracy to possess with the intent to distribute and distribution of oxycodone, (Count 1), and distribution of oxycodone (Counts 2 and 3), in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)( C); and 846. On May 13, 2014, the government filed a notice under 18 U.S.C. § 851, asserting Britt had several prior felony drug convictions, increasing the maximum sentence of imprisonment Britt faced from 20 years to 30 years and the mandatory term of supervised release from 3 years to 6 years.

1

On June 25, 2014, under a written plea agreement, Britt pleaded guilty to Count 1 of the indictment. A pre-sentence investigation report (PSR) was prepared and revised. The revised PSR concluded Britt's advisory sentencing guidelines adjusted offense level was 23, his criminal history category was VI, for an advisory guideline imprisonment range of 92 to 115 months. The revised PSR also concluded Britt was subject to at least 6 years supervised release based on the section 851 filing.

The government and Britt submitted no objections to the revised PSR.

Prior to sentencing, Britt moved for a downward departure under USSG § 5H1.4 because of his physical condition and a variance based on his physical condition, age, educational attainments, marital status, Britt's lengthy pre-trial and pre-sentence incarceration in a county jail and the mandatory 6 year term of supervised release he faced.

Britt was sentenced on February 10, 2015. At the sentencing hearing, the district court denied Britt's motion for a downward departure and/or variance and sentenced Britt to 100 months imprisonment, to be followed by 6 years supervised release.

Britt filed a timely notice of appeal following the entry of judgment on his conviction and sentence.

## SUMMARY OF ARGUMENTS

ARGUMENT I:  The district court did not err in sentencing Britt to 100 months imprisonment and 6 years supervised release.  The PSR correctly calculated the advisory guidelines, no party objected to those calculations and they were adopted by the district court.  The district court treated the guidelines as advisory, considered the section 3553(a) factors, did not select a sentence based on clearly erroneous facts and adequately explained the sentence.  The 100 month sentence, which is within the correctly calculated guidelines, is presumptively reasonable and, when measured against the section 3553(a) factors, does not overcome that presumption

ARGUMENT II:  This Court does not have authority to review a sentencing court's denial of a downward departure.  For the same reasons Britt's sentence was procedurally correct and substantively reasonable, the district court did not err in denying Britt's motion for a variance from the advisory guideline sentencing range.

3

ARGUMENT

Standard of Review

The abuse-of-discretion standard applies to the review of the reasonableness of a sentence. *United States v. Boulware,* 604 F.3d 832, 837 (4th Cir. 2010). A reasonableness review has both procedural and substantive components. This Court must first determine if the district court committed any procedural error in sentencing. If not, then the Court must review the substantive reasonableness of the sentence, applying the presumption a within-advisory-guidelines sentence is substantively reasonable. *United States v. Mendoza-Mendoza,* 597 F.3d 212, 217 (4th Cir. 2010). This presumption can only be overcome by showing the sentence is unreasonable when measured against the section 18 U.S.C. §3553(a) factors. *United States v. Montes-Pineda,* 445 F.3d 375, 379 (4th Cir. 2006).

Argument

I.

The district court did not err in sentencing Britt to 100 months imprisonment because this within-guidelines sentence was procedurally correct and substantively reasonable.

There are no errors in the PSR calculated advisory guidelines. Accordingly, Britt's sentence is procedurally correct.

4

In pronouncing sentence, the district court explained it had considered the advisory guidelines, the section 3553(a) factors, the matters set forth in the PSR and the submissions of Britt.  Britt's sentence was within the correctly calculated advisory guideline imprisonment range and, therefore, is presumptively reasonable. While as is detail below, Britt argued extensively for a downward departure and/or variance, there is no indication the district court abused its discretion in rejecting those arguments and awarding a within-guidelines sentence.

Given the deferential abuse-of-discretion standard of review regarding the reasonableness of a sentence, the district court did not err in sentencing Britt to 100 months confinement and 6 years supervised release.

## II.

The district court did not err in denying Britt's motion for a downward departure and/or a variance from his calculated advisory guideline imprisonment range because the district court correctly calculated Britt's advisory guidelines, the sentence the district court pronounced was substantively reasonable and the district court adequately considered the 18 U.S.C. § 3553(a) factors and placed its reasons for Britt's sentence on the record

In his motion for a downward departure, Britt argued he should receive a below-advisory-guideline sentence under USSG § 5H1.4 because of his physical condition and a variance based on his physical condition, age, educational

5

attainments, marital status, lengthy pre-trial and pre-sentence incarceration in a county jail and the mandatory 6 year term of supervised release he faced.

Regarding this physical condition, Britt argued he is a physical wreck. The left side of Britt's face was crushed in a 2006 automobile accident, resulting in serious injury to his left eye. Following the accident, Britt had a titanium plate installed on the left side of his face. He has undergone three surgeries to his left eye which requires further surgery. He has difficulty seeing out of his left eye.

Britt suffered a head injury in 1979 in a water skiing accident. Britt broke his left arm in 2012, and his left arm requires surgery. Britt broke his right hand in 2010. Britt's right rotator cuff is torn and in need of surgery. Britt's right knee was replaced in 2008. Britt has five herniated discs which need surgery. Britt has an umbilical hernia needing surgery. Britt concluded these injuries will require significant medical care during any period of incarceration.

The government did not dispute these injuries or Britt's physical condition, maintaining Britt's physical condition was not so unusual as to distinguish Britt's case from the typical case covered by the guidelines thus not warranting a downward departure.

6

Regarding his age, Britt argued at the time of his sentencing, he was a little more than a month shy of 53 years old, older than the usual federal drug defendant. Britt's statistical likelihood of recidivating, therefore, was significantly less than most federal drug defendants.

"Recidivism rates decline relatively consistently as age increases. The younger the offender is, the more likely the offender recidivates." Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, United States Sentencing Commission, May 2004 (Measuring Recidivism) at 12. Further, in a recent New York Times article, the author, citing the Bureau of Justice Statistics, said drug-arrest rates peak at age 19. The same article, citing research by criminologist Alfred Blumstein of Carnegie Mellon University, calculated the typical duration that adults commit the most serious crimes – murder, rape, robbery, aggravated assault, burglary-theft, arson and car theft – was 5 to 10 years. Blumstein suggested property criminals stop committing that type of crime in their 20's, and while drug-crime careers can be lengthier, continuing into the drug offender's 30's, long sentences do not appear to have much affect on the drug trade .

7

Somewhat related to his variance-based-on-age argument, Britt submitted the mandatory 6 year period of supervised release should warrant a variance in any sentence of incarceration.

Britt was subject to a mandatory supervised release term of six years. If Britt had receive a sentence at the low end of his advisory guideline imprisonment range (92 months), he would have been under a criminal justice sentence of either confinement or supervision until at least mid-year 2026 when he will be 64 years old. With the 8 months above the low end of Britt's advisory guideline range to which the district court sentenced Britt, he will be under a criminal justice sentence until 2027, when he will be 65 years old.

Britt also argued the district court should vary his sentence because of the level of education he has obtained.

Offenders with less than a high school education are most likely to recidivate (31.4%), followed by offenders with a high school education (19.3%). Measuring Recidivism at 12. Britt received his GED shortly after he dropped out of high school. Britt attended Bauder College in Fort Lauderdale, Florida, and received a certificate in electronic engineering. Britt also received a Mainstream Engineering Corporation, EPA Section 608 Universal Certification (refrigerant recycling, recovery and reclamation) in 2000.

8

Britt suggested he should be granted a variance because of his marital status.

Never married offenders are most likely to recidivate (32.3%), while those who are married are far less likely to do so (13.8%). Measuring Recidivism at 12.

Britt is married, though separated, from Holly Hildreth Britt. Britt and Ms. Britt have one grown child. While they have been separated for some time, Britt's incarceration has resulted in their reconnecting, and Ms. Britt has been very supportive of her husband.

Regarding his motion for a downward departure, unless the district court failed to understand its authority to depart downward in the appropriate circumstance, this Court lacks authority to review a district court denial of a motion for a downward departure. *United States v. Brown,* 520 F.3d 367, 371 (4th Cir. 2008).

There is nothing in the record to indicate the district court did not understand it could depart downward from the advisory guidelines.

Regarding Britt's motion for a variance, the foregoing arguments are, in Britt's view, legitimate bases for a variance, the district court considered them all and rejected each one, articulating its reasons for sentencing Britt to a within-guidelines term of imprisonment of 100 months. The district court appears to have recognized it had the discretion to grant a variance, but chose not to do so after

9

considering the PSR, the arguments and submissions of Britt and the argument of the government.

Given the deferential abuse-of-discretion standard of review regarding the reasonableness of a sentence, the district court did not err in sentencing Britt to 100 months confinement and 6 years supervised release.

The district court's 100 month within-guidelines sentence was procedurally correct and substantively reasonable. For the same reasons, the district court did not err in denying Britt's motion for a downward departure and/or variance.

<u>CONCLUSION</u>

Under the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967), the undersigned has reviewed both the facts and legal issues. It is counsel's opinion there are no legal issues not properly raised or disposed of by the district court and there are no grounds for an appeal in this case to this Court.

A copy of the forgoing brief has been served upon Britt.


CALLISON TIGHE & ROBINSON, LLC


*/s/ Louis H. Lang*
Louis H. Lang, Esq.
Fed. I.D. No. 240
1812 Lincoln Street, Suite 200
PO Box 1390
Columbia SC  29202-1390
Telephone:  (803) 404-6900
Attorneys for Appellant

Columbia, South Carolina
April 21, 2015

11

RECORD NO. 15-4088
CR. NO.  3:14-cr-00069-TLW-1
_____

IN THE

# United States Court of Appeals

### FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN LANIER BRITT,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
_____

CERTIFICATE OF SERVICE
_____


The undersigned, certifies that on April 21, 2015, the Opening Brief of Appellant was filed with the Clerk, U.S. Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

William E. Day, II, AUSA
United States Attorney's Office
U.S. Department of Justice
Wells Fargo Bldg.
1441 Main St., Ste. 500
Columbia SC  29201
Served by ECF

John Lanier Britt #230318-C5
USMS #26774-171
LCDC
PO Box 2019
Lexington SC 29071
Served by U.S. Postal Service

s/Louis H. Lang, Esq.
CALLISON TIGHE & ROBINSON, LLC
Louis H. Lang, Esq.
Fed. I.D. No. 240
PO Box 1390
Columbia SC  29202-1390
Telephone:  (803) 404-6900
Attorneys for John Lanier Britt

Columbia, South Carolina
April 21, 2015

13